IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GEORGE M. ALLENSWORTH                                                              PLAINTIFF

V.                                   NO.  3:06cv00036 JMM-JWC

Commissioner, Social
Security Administration                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been sent to United States District Judge James M. Moody. Within fourteen (14) days after being served with a copy of the recommended disposition, any party may serve and file with the Clerk of this Court specific written objections to the proposed findings and recommendations. A copy of the objections must be served on the opposing party, who may respond within fourteen (14) days after being served. The District Judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions. *See* Fed. R. Civ. P. 72(b); Local Rule 72.1(VIII)(C), Rules of the United States District Court for the Eastern District of Arkansas.

### RECOMMENDED DISPOSITION

By previous order (doc. 8), the Court denied without prejudice Plaintiff's motion for attorney's fees, costs and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 5). Plaintiff has filed a renewed motion (doc. 9), incorporating his prior motion, supporting brief and affidavit (docs. 5, 6). The Commissioner has responded (doc. 10), and the motion has been referred (doc. 11).

A.  <u>Background</u>.

On June 26, 2006, the Court remanded this case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for the purpose of holding a *de novo* administrative hearing, as portions of the previous hearing were inaudible and could not be transcribed (doc. 4). Plaintiff then filed a motion for an EAJA award for court-time expended by his attorney prior to the remand. The motion was denied without prejudice on the basis that Plaintiff was not a prevailing party for EAJA purposes. Following further administrative proceedings, Plaintiff ultimately received a fully favorable administrative decision from the Commissioner on September 30, 2009. He attaches a copy of the decision (doc. 9-2), and now renews his request for an EAJA award.

B.  <u>Prevailing Party Status</u>.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. §§ 2412(b), 2412(d)(1)(A). A claimant who obtains a favorable determination following a court's sentence-six remand is a prevailing party entitled to EAJA fees. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102-03 (1991). In the Eighth Circuit, EAJA fees are awarded directly to the prevailing party's attorney. *Ratliff v. Astrue*, 540 F.3d 800, 801 (8th Cir. 2008), *cert. granted*, 130 S. Ct. 48 (2009) (No. 08-1322).

Plaintiff has documented that he obtained a fully favorable administrative decision following the Court's sentence-six remand, making him a prevailing party for EAJA purposes. Judgment in his favor on the merits in this case should be entered by separate document pursuant to Fed. R. Civ. P. 58. *See Melkonyan*, 501 U.S. at 102-03 (sentence-

six remands contemplate entry of final judgment after post-remand proceedings are completed; entry of judgment triggers EAJA filing period).

    C.    <u>Attorney Fee</u>.

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988). Plaintiff seeks an hourly rate of $159.00 for 9.75 hours of work performed by his attorney in 2006, arguing that the statutory rate should be enhanced based on the increased cost of living as evidenced in the Consumer Price Index, All Urban Consumers (CPI-U). He explains how the rate was calculated and states that the applicable CPI-U figures are available via the website for the United States Department of Labor. (Baretz Aff. ¶ 3 [doc. 5-3, at 2]; doc. 6, at 2-3.)

Where one petitioning for EAJA fees presents uncontested proof of an increase in the cost of living sufficient to justify a fee greater than the statutory rate, enhanced fees should be awarded. *Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990) (CPI is "proper proof" of an increase in the cost of living). The Commissioner has not come forward with any evidence suggesting that the requested cost-of-living increase in the hourly rate would be unjust or improper.

In cases filed by another attorney in this District, the Commissioner has agreed to pay enhanced hourly rates for attorney work based on an increased cost of living,

3

calculating the applicable rate on an annualized basis using the mid-year CPI-U.[1]  The Court believes that, if an enhanced rate is awarded to one attorney representing social security claimants due to an increased cost of living, an enhanced rate should be awarded to other attorneys requesting a comparable enhancement for the same reason.  *See id.* at 505 ("Proper proof of an increase in the cost of living should result in consistent hourly fee awards in each case, rather than disparate fee awards from each court within the district or from different courts within this circuit.").

To promote consistency in fee awards in this District, Plaintiff should be allowed the requested enhanced hourly rate of $159.00, based on the cost of living.  No objection is made to the number of hours requested, and counsel's itemization (doc. 5-2) demonstrates that they were reasonably expended in representation of Plaintiff.

Accordingly, 9.75 hours should be allowed at an hourly rate of $159.00 for the attorney work performed in this case, for an EAJA fee award of $1,550.25.

D.     Costs and Expenses.

Plaintiff also requests reimbursement of expenses totaling $300.42, broken down as follows: $250.00 for the clerk's filing fee; $10.98 for certified mailing fees; $14.04 for regular postage; and $25.40 for copies (*see* doc. 5-2; doc. 10, at 2).  While the Commissioner does not object to paying any of the amounts requested, he asserts that the clerk's filing fee and certified mailing fees should be paid as costs, not expenses.  According to the Commissioner, the distinction is important because an award of costs is

---

[1] The agreement is between The Bartels Law Firm and the Office of General Counsel, Region VI, Social Security Administration.  It is set forth in a letter dated November 21, 2002, a copy of which has been attached to Bartels' fee petitions in a number of cases in the Eastern District of Arkansas.  *See, e.g., Bari v. Astrue*, Case No. 3:07CV00129-JWC (doc. 17-2, at 1-2).

not paid from agency funds and is, instead, paid "by the Secretary of the Treasury after certification by the Attorney General." *Compare* 28 U.S.C. § 2412(c)(1) (providing that costs are payable in accordance with § 2414 and § 2517, *i.e.,* "by the Secretary of the Treasury after certification by the Attorney General"), *with id.* § 2412(d)(4) ("Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise.").

Section 2412(d)(1)(A) allows for an EAJA award of "fees and other expenses, *in addition to any costs awarded pursuant to subsection (a).*" *See also id.* § 2412(b) (authorizing an award of "reasonable fees and expenses of attorneys, *in addition to the costs which may be awarded pursuant to subsection (a)*"). Section 2412(a)(1), in turn, provides that "a judgment for costs, as enumerated in [28 U.S.C. § 1920], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought ... against the United States[.]" It is undisputed that the court clerk's filing fee ($250.00) and the certified mailing fee for serving the complaint and summons ($10.98) are taxable costs under § 1920.[2] The Court should thus grant the Commissioner's request that they be awarded as costs pursuant to § 2412(a), rather than as compensable expenses under § 2412's other provisions.

---

[2]"[F]ees of the clerk" are specifically enumerated in § 1920(1) as taxable costs; courts have held that § 1920 also permits the recovery of costs of service by mail of the complaint and summons. *Boruff v. Commissioner of Social Security*, No. 08-14585, 2009 WL 3872305, *2-*3 (E.D. Mich. Nov. 18, 2009) (unpublished).

5

Therefore, $260.98 of Plaintiff's requested expenses should be paid as costs pursuant to § 2412(a), and the remaining $39.44 should be allowed as expenses compensable under § 2412(b) and (d).

Accordingly, it is hereby RECOMMENDED

(1)     That judgment in Plaintiff's favor on the merits in this case should be entered by separate document, as required by Fed. R. Civ. P. 58;

(2)     That Plaintiff's renewed motion for attorney's fees, costs and expenses pursuant to EAJA, 28 U.S.C. § 2412, (doc. 9) should be **granted**;

(3)     That Plaintiff's attorney should be found entitled to an EAJA award of attorney's fees in the amount of $1,550.25, together with expenses of $39.44, for a total of $1,589.69;

(4)     That the Commissioner should be directed to certify and pay to Marc Baretz, attorney for Plaintiff, the fees and expenses awarded pursuant to EAJA ($1,589.69); and

(5)     That Plaintiff's attorney should be found entitled to costs in the amount of $260.98 pursuant to 28 U.S.C. § 2412(a), to be paid by the Secretary of the United States Treasury.

DATED this 28th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE